UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF CRESCENT ENERGY SERVICES, LLC, AS OWNER AND OPERATOR OF THE S/B OB 808, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE |

**VERIFIED COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY**

The Complaint of Crescent Energy Services, LLC (hereinafter "Limitation Plaintiff"), as owner and operator, of the S/B OB 808, (the "Vessel"), in a cause of exoneration from or limitation of liability, civil and maritime, alleges upon information and belief as follows:

1.

This is a cause of admiralty and maritime jurisdiction, as hereinafter more fully appears, brought under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty & Maritime Claims (the "Supplemental Rules").

2.

At all times hereinafter mentioned, Limitation Plaintiff Crescent Energy Services, LLC was, and now is, a limited liability company organized and existing under and by virtue of the laws of State of Louisiana with its principal place of business in Belle Chasse, Louisiana, and is, at all times hereinafter mentioned, the owner and/or operator of the Vessel.

1

3.

The Vessel is a spud barge bearing official number 1048860 built in 1996 with principal dimensions of 120 feet in length and 30 feet in breadth. At the time of this filing, the Vessel is located within the venue of this Court.

4.

Prior to and at all times hereinafter described, Limitation Plaintiff exercised due diligence to make and to maintain the Vessel in all respects seaworthy; and at all times hereinafter described, the Vessel was, in fact, tight, staunch, strong, and fully and properly equipped, and in all respects seaworthy and fit and proper for the service in which the Vessel was engaged until the occurrence of the incident hereinafter described.

5.

On February 13, 2015, Corday Shoulder, a pump operator employed by Limitation Plaintiff, sustained injury to his body during the Vessel's voyage which began on February 7, 2015 and ended on March 11, 2015. During the incident, Shoulder sustained an injury to his left lower leg resulting in a left leg amputation above the knee.

6.

Limitation Plaintiff was hired by Carrizo, LLC to conduct offshore plug and abandonment work at various Carrizo wells. Plaintiff was injured when the equipment he was handling separated from the well tree's flange owned by Carrizo, LLC.

7.

The Vessel was not damaged, lost, or abandoned in the aforementioned incident, and was valued at $247,000.00 at the close of her voyage. Further, there was no pending freight recovered or recoverable in the incident.

8.

Venue is proper in this Court under Supplemental Rule F(9). Limitation Plaintiff is, as of this date, unaware of any suits, petitions, demands, unsatisfied claims of liens, or liens against the Vessel in connection with the incident made the subject of this Complaint. Further, the Vessel has not been arrested or attached in any District, the Vessel is currently located in this District, and the Vessel's home port is located in this District.

9.

The incident, any physical damage, loss of life, personal injury, contingent losses and all other losses, damages, expenses and costs resulting therefrom were not caused or contributed to by any fault, negligence, unseaworthiness, or lack of due care on the part of Limitation Plaintiff, the Vessel, or any person for whom or which Limitation Plaintiff was or might be responsible.

10.

The incident, any physical damage, loss of life, personal injury, contingent losses and all other losses, damages, expenses and costs resulting therefrom, were caused and occurred without the privity or knowledge of Limitation Plaintiff.

11.

This Complaint is filed within six months from the date Limitation Plaintiff received first notice of a claim.

12.

The value of Limitation Plaintiff's interest in the vessel following the casualty described above is $247,000.00.

13.

The total of pending freight/hire for this voyage is $Ø.

14.

Subject to an appraisal of its interests, Limitation Plaintiff herewith submits for Court approval, as security for the benefit of all potential claimants, a Letter of Undertaking in the sum of $247,000.00, plus interest at six percent (6%) per annum from the date of said Letter of Undertaking, said sum representing the total value of the Vessel, its appurtenances, and pending freight following the casualty.

15.

Limitation Plaintiff has a reasonable basis upon which to believe it possible that claims will be asserted and prosecuted against it in amounts exceeding the total sum they may be required to pay under the laws of the United States relating to the exoneration from or limitation of liability.

16.

Limitation Plaintiff claims exoneration from liability for any and all injuries, deaths, losses, or damages occurring as a result of the aforesaid accident and for any and all claims therefor. Limitation Plaintiff alleges that it has valid defenses thereto on the facts and on the law. Alternatively, Limitation Plaintiff, without admitting but affirmatively denying all liability, claims the benefit of the limitation of liability provided for in Sections 30501, *et seq.* of Title 46 of the United States Code (46 U.S.C. §§ 30501, *et seq.*), and the various statutes supplemental thereto and amendatory thereof, and to that end, Limitation Plaintiff herewith deposits with the Court, as security for the benefit of potential claimants, the aforementioned Letter of Undertaking.

17.

Should it later appear that Limitation Plaintiff is or may be liable and that the amount or value of its interest in the Vessel and its pending freight, as aforesaid, is not sufficient to pay all

losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules, the general maritime law, and by the rules and practices of this Honorable Court.

18.

All and singular the premises are true and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, Limitation Plaintiff prays that:

(1)     This Court issue an Order approving the Letter of Undertaking submitted to the Court by Limitation Plaintiff as security for the amount of value of its interest in the Vessel and its pending freight;

(2)     This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Limitation Plaintiff a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for Limitation Plaintiff an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

(3)     This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Limitation Plaintiff and its underwriters, and/or against the Vessel, her officers and crew, or

against any employee or property of Limitation Plaintiff except in this action, to recover damages for or in respect of any loss, damage, or injury occasioned or incurred as a result of the aforesaid accident;

(4) This Court adjudge that Limitation Plaintiff and its underwriters are not liable to any extent for any injuries, losses, deaths or damages occurring as a result of the accident, or for any claim therefor in any way arising out of or resulting from the aforesaid accident;

(5) The Court in this proceeding will adjudge that Limitation Plaintiff and its underwriters are not liable to any extent for any injuries, losses or damages occurring as a result of the accident, or for any claim whatsoever in any way arising from or in consequence of the aforesaid accident; or if Limitation Plaintiff and its underwriters shall be adjudged liable, then that such liability be limited to the amount or value of Limitation Plaintiff's interest in the Vessel and its pending freight, as aforesaid, at the end of the voyage on which it was engaged at the time of the accident, and that Limitation Plaintiff and its underwriters be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging both Limitation Plaintiff and its underwriters from all further liability; and

(6) Limitation Plaintiff may have such other, further or different relief as may be just in the circumstances.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   <u>/s/ *Evans Martin McLeod*</u>
      Evans Martin McLeod (Bar #24846)
      David J. Saltaformaggio (Bar #34071)
      Canal Place | 365 Canal Street, Suite 2000
      New Orleans, Louisiana 70130-6534
      Telephone: 504-566-1311
      Telecopier: 504-568-9130
      Email: marty.mcleod@phelps.com
            david.saltaformaggio@phelps.com

ATTORNEYS FOR CRESCENT ENERGY SERVICES, LLC