UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF CRESCENT ENERGY SERVICES, LLC, AS OWNER AND OPERATOR OF THE S/B OB 808, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 15-819<br><br>JUDGE JANE MILAZZO<br><br>MAGISTRATE JUDGE SHUSHAN |

**CARRIZO OIL & GAS, INC.'S OPPOSITION TO
CLAIMANT CORDAY SHOULDER'S MOTION TO BIFURCATE**

**MAY IT PLEASE THE COURT:**

Claimant, Carrizo Oil & Gas, Inc. ("Carrizo"), submits this memorandum in opposition to the Motion to Bifurcate filed by Claimant, Corday Shoulder ("Shoulder").

Shoulder seeks an Order from this Court bifurcating this Limitation action so that his right to state jury trial will be preserved. However, as discussed below, an Order granting a bifurcation is unwarranted, prejudicial to Carrizo, and judicial economy and expediency are best served by allowing Shoulder to proceed with his claims in a bifurcated jury trial in this action.

I.      **RELEVANT PROCEDURAL BACKGROUND**

Shoulder, a pump operator employed by Crescent Energy Services, L.L.C. ("Crescent"), was allegedly injured on or about February 13, 2015, while working on an oil well owned and operated by Carrizo, during the performance of plug and abandonment work when equipment he was handling separated from the well tree's flange. (Rec. Doc. No. 1)  On March 13, 2015, pursuant to the Limitation of Liability Act, Crescent (Plaintiff- in-Limitation), as owner and operator of the spud barge, S/B OB 808, filed a Limitation of Liability action in the United States

District Court for the Eastern District of Louisiana, seeking to limit its liability to the value of its vessel.  (Rec. Doc. 1).  The Order approving Crescent's Letter of Undertaking, directing the issuance of notice to claimants and restraining prosecution of claims was signed on March 16, 2015.  (Rec. Doc. 3).

Subsequently, on March 18, 2015, Shoulder commenced a tort action (Exh. "A" attached) against Crescent *and* Carrizo in the 61st Judicial District state court in Harris County, Texas, under the Jones Act and the general maritime law of the United States, seeking compensation for his alleged injuries and requesting trial by jury.  Carrizo filed an Answer on April 20, 2015, in the Texas state court suit, denying liability to Shoulder.

On May 15, 2015, Carrizo filed its "Answer and Claim" in the Complaint in Limitation filed by Crescent (Rec. Doc. 5) denying liability and asserting that its claim for contractual defense and indemnity against Crescent is valid and enforceable and is not subject to Crescent's Petition for Limitation of Liability.

Shoulder filed his "Answer and Claims of Claimant Corday Shoulder" on May 20, 2015, in response to Limitation Plaintiff Crescent's Complaint for Exoneration from or Limitation of Liability seeking, among other demands, that Crescent's Complaint be dismissed and the injunction previously granted be dissolved and /or in the alternative, that Crescent be required to deposit additional security in the minimum amount required by law for the full value of all vessels in the flotilla under the control of Crescent.  Furthermore, in paragraph 8 of his claim in Limitation, Shoulder asked for trial by jury: "Claimant respectfully requests a trial by jury." (Rec. Doc. 6).

On June 3, 2015, Crescent filed its "Answer and Defenses" in response to the claims of Shoulder, including a Third Party Complaint against Carrizo, asserting that Carrizo is allegedly

responsible for the casualty at issue and seeking tort indemnity and/or contribution from Carrizo against Shoulder's claims, including the demand that Crescent is entitled to recover from Carrizo maintenance and cure payments to Shoulder in proportion to Carrizo's alleged comparative fault in contributing to the accident.  (Rec. Doc. 10).  On June 17, 2015, Carrizo filed its Answer to Crescent's Third Party Complaint, denying any negligence on its part, and alleging that Crescent contractually agreed to defend, indemnify and provide insurance in favor of Carrizo, and that Crescent breached its contract with Carrizo. (Rec. Doc. 15)  On that same day, Carrizo filed its Answer to Shoulder's claims, (Rec. Doc. 16) which Crescent had tendered to Carrizo under Fed. R. Civ. Proc. 14(c), denying liability for Shoulder's injuries.

On July 13, 2015, Shoulder filed this Motion to Bifurcate, requesting an Order from this Court bifurcating his claims in this action by severing the issues of Carrizo's alleged fault and apportionment of fault between Crescent and Carrizo, and trying those issues and damages before a jury in Texas in a separate trial. (Rec. Doc. 22 & 23).

On July 14, 2015, plaintiff's demand for jury trial was not thoughtfully considered and this case was erroneously set for non-jury trial.  Rec. Doc. 25.

## II.   ARGUMENT

In this Limitation Action, Corday Shoulder is not the only claimant and this is not a single claimant case.  Carrizo has filed a claim for contractual defense and indemnity, and breach of contract against Crescent, seeking reimbursement of any judgment obtained by Shoulder against Carrizo and, in addition, for attorney's fees and costs, as provided by the Master Service Agreement between Carrizo and Crescent.  Therefore, this is not a *single* claimant proceeding.

There are three claims in this Limitation Action:

1.      by the plaintiff against Crescent in which he demanded *trial by jury* of his Jones Act and general maritime law claim;

3

2.     by Carrizo against Crescent; and

3.     by Crescent's third-party demand against Carrizo seeking tort contribution and indemnity for Carrizo's alleged negligence in causing the accident.

Plaintiff's motion seeks to have the court try only the single issue of Crescent's negligence and its privity or knowledge of the cause of the casualty, and remand all of the remaining issues "(i.e. other parties' fault, apportionment of liability and damages)" to Texas state court for jury trial. The "other parties' fault" refers to Carrizo's alleged negligence.

The relief plaintiff seeks is inconsistent with Rule 1. Scope and Purpose, of the Fed. R. Civ. Proc. which provides:

> These rules . . . should be construed and administered to secure to just, speedy, and inexpensive determination of *every* action and proceeding." (emphasis added).

The plaintiff's proposed bifurcation motion would produce the opposite of a just, speedy and inexpensive determination of *every* action.

Granting plaintiff's motion would result in the following:

1.     **require two expensive trials**: one in Texas state court and the other in this Limitation action in which Carrizo must participate;[1]

2.     the lay and expert witnesses of all parties, and documents offered to establish the cause of and responsibility for the casualty, will be identical and inextricably intertwined (between Crescent and Carrizo) in this Limitation action and in the Texas state court suit;

3.     the evidence of alleged fault related to Crescent and Carrizo would be litigated in two different fora before two separate fact finding bodies which could result in contradictory findings of liability;

4.     Depending on the findings of the Court in the Limitation action and jury in Texas, two appeals may be necessary, one in Federal Court and the other in Texas.

---

[1] In addition to asserting its contractual indemnity claim against Crescent, Carrizo will be required to examine and cross-examine witnesses and test evidence offered by Crescent to exonerate itself and establish that Carrizo, not Crescent, was liable for the accident.

The consequences of such a motion make no sense, are contrary to the Federal Rules, and are prejudicial to Carrizo, which would be forced to participate in two expensive trials in different jurisdictions, with possible conflicting results between two distinct fact finding bodies, i.e.: (1) this court's negligence ruling related to Crescent in the Limitation Action, and (2) the jury's negligence findings in the Texas state court action against *both* Crescent and Carrizo, based on the same lay and expert testimony and evidence offered in this Limitation action. Compelling Carrizo to defend the evidence presented by plaintiff and Crescent in two separate jurisdictions, before two different fact finding bodies, which may yield inconsistent findings, and result in appeals in Federal and State Courts, is repugnant to the letter of the Federal Rules, and fair play, and is highly prejudicial to Carrizo.

Plaintiff has requested jury trial of his Jones Act and general maritime law case in the Texas state court suit *and* in this Limitation Action. There is no reason why his Jones Act and general maritime law damage claims against Crescent and Carrizo cannot be tried to a jury in this two claimant Limitation action. Courts in the Eastern District of Louisiana and Federal Fifth Circuit have approved of this procedure.

For example, Judge Nanette J. Brown, in *In Re: the Matter of Marquette Transp. Co. Gulf-Inland, LLC*, 2014 WL 6389978 (E. D. La. Nov. 13, 2014) granted the plaintiff's motion to reset the Limitation of Liability Action case as a bifurcated jury trial. Just as in this case, plaintiff filed a state court suit with jury trial and the vessel owner filed a Limitation of Liability Action in the Eastern District. Plaintiff also requested a jury trial in the Limitation Action, but the matter was erroneously set as a non-jury trial. Judge Brown corrected the non-jury setting by granting the plaintiff's motion to bifurcate the action, and allow his Jones Act and general maritime causes of action to be tried before the jury (which, as here, he had requested) and the

5

Limitation claims to be tried before the court sitting in Admiralty.  Under Judge Brown's ruling, judicial economy and the just, speedy and inexpensive determination of *every* action were served.[2]

Judge Brown's observations in *Evans* are appropriate here:

"Wright and Miller suggest that bifurcation may be appropriate where a jury-triable personal injury claims are presented in a Limitation Action, stating that: 'Limitation actions in personal or wrongful death actions may be tried *simultaneously* if the court decides to proceed in that fashion.  When that occurs, the Limitation issues are kept from the jury in the spirit of the concursus procedure and the traditional Admiralty claims also will be heard without a jury trial.'"  *Evans* at p. 4.

For other cases approving this procedure, see, C*upit v. McClanahan Contractors, Inc.,* 1 F.3d 346 (5th Cir. 1993)(jury decided negligence issues and district judge denied Limitation of Liability); *Seals v. AWI, Inc.*, 1992 WL 28064 (E.D. La. 1992)(in a case alleging Jones Act and unseaworthiness claims, court tried all issues to the jury except for those pertaining to Limitation of Liability) *aff'd,* 979 F.2d 210 (5th Cir. 1992).

Former Eastern District Judge Judith Clement, *In the Matter of the Complaint of L.L.P v D. Marine, Inc., et al.*, 1997 WL 563999, made the following noteworthy observations that are relevant here:

"The Fifth Circuit has created a two-tiered analytical framework to preserve the Jones Act right to jury trial in Limitation of Liability proceedings.  First, the claimant in the Limitation must prove that the vessel's negligent acts and/or unseaworthy condition caused or contributed to his injury.  Second, the burden shifts to the vessel owner to show that it had no privity or knowledge of the negligence and/or unseaworthiness that caused the injury . . . the first stage of the analysis, constituting in the instant case the claimants' Jones Act and unseaworthiness claims, is tried to a jury.  Subsequently, the Limitation of Liability question is tried by the judge.

---

[2] This Limitation action has been set as a non-jury trial and Carrizo will file a motion to bifurcate in similar fashion as the motion in the *Evans* case, allowing Shoulder his right to jury trial, which he has requested in his claim in this Limitation Action.

The cases cited by Shoulder in support of his Motion to Bifurcate and return the non-limitation issues to State Court, do not thoroughly analyze the consequences of his Motion to Bifurcate in a two-Claimant case, in which he seeks damages against two defendants, and the prejudice that may result to Carrizo if his Motion is granted.

Judicial economy, expediency and fairness to *all* parties are best served by converting this case from a non-jury to a jury setting to allow a jury, which Shoulder has requested, to decide issues of fault between Crescent and Carrizo, and apportionment of fault and damages, in his Jones Act and General Maritime Law actions, reserving resolution of Crescent's claim for Limitation of Liability to the Court.

## III.   CONCLUSION

Denying Shoulder's Motion and granting Carrizo's Motion to Bifurcate in order to allow plaintiff to preserve his right to trial by jury in his Jones Act and General Maritime Law claims, satisfies Fed. R. Civ. Proc. 1 by securing a just, speedy and inexpensive determination of every action in proceeding.

Denying Shoulder's Motion and granting Carrizo's Motion to Bifurcate is also supported by Rule 42 of the Fed. R. Civ. Proc., which provides:

**(b)**    **SEPARATE TRIALS.**   For convenience, to avoid prejudice or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, cross-claims, counter-claims or third party claims.  When ordering a separate trial, the court must reserve any right to a jury trial.

Carrizo's position is consistent with Rules 1 and 42 of the Fed. R. Civ. Proc. by allowing a just, speedy and inexpensive determination of every action, by avoiding prejudice to limitation claimants such as Carrizo, and preserving plaintiff's right to jury trial.

For the foregoing reasons, Carrizo respectfully requests that this Court deny the plaintiff's Motion to Bifurcate and to grant Carrizo's Motion to Bifurcate, which is filed simultaneously with this Opposition.

Respectfully submitted,

/s/ Bert M. Cass, Jr.
Bert M. Cass, Jr. (#03984)
Paul D. Hale (#30539)
Kari M. Rosamond (#34065)
**DEUTSCH, KERRIGAN & STILES, L.L.P.**
755 Magazine Street
New Orleans, LA  70130
Telephone:  (504) 593-0643
Facsimile:  (504) 566-4043
bcass@dkslaw.com
phale@dkslaw.com
krosamond@dkslaw.com

**Attorneys for Carrizo Oil & Gas, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of July, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Bert M. Cass, Jr.
Bert M. Cass, Jr.