3/18/2015 3:59:07 PM
Chris Daniel - District Clerk Harris County
Envelope No. 4551858
By: Wanda Chambers
Filed: 3/18/2015 3:59:07 PM

**2015-15864 / Court: 061**

CAUSE NO. _____

| | | |
|---|---|---|
| CORDAY SHOULDER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CARRIZO OIL & GAS, INC., and | § | |
| CRESCENT ENERGY SERVICES, LLC, | § | |
| | § | |
| Defendants. | § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Corday Shoulder brings this action complaining of Defendants CARRIZO OIL & GAS, INC. ("Carrizo") and CRESCENT ENERGY SERVICES, LLC ("Crescent") (collectively, "Defendants"), and would respectfully show the Court that:

### I.
### DISCOVERY LEVEL

1. Plaintiff requests this discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

### II.
### JURISDICTION & VENUE

2. This claim is maintained under the Jones Act (46 U.S.C. § 30104) and/or the general maritime law of the United States. The Court has jurisdiction under the "Savings to Suitors" clause.

3. It is well-settled that Jones Act cases are not removable to federal court.

4. This Court has jurisdiction over the subject matter of this case, and the amount in controversy is within the jurisdictional limits of this Court.

5. This Court has jurisdiction over the parties in this case. Defendants they do a substantial amount of business in Texas, maintain continuing, systematic contacts with Texas, maintain agents for service of process in Texas and/or are amenable to service in Texas.

6. All other jurisdictional prerequisites have been met.

7. Venue is proper here pursuant to section 15.0181(c)(2) of the Texas Civil Practice and Remedies Code, as Defendant Carrizo Oil & Gas, Inc. has its principal place of business in the coastal county of Harris County, Texas. Venue is also proper here pursuant to section 15.002(a) of the Texas Civil Practice and Remedies Code for the same reason. Venue is also proper here under section 15.002(a) of the Texas Civil Practice and Remedies Code, as all claims or actions arose out of the same transaction, occurrence, or series of transactions or occurrences.

## III.
## PARTIES

8. Plaintiff is an American seaman residing in Louisiana.

9. Defendant Carrizo Oil & Gas, Inc. is a Texas corporation whose principal place of business is located at 500 Dallas St., Suite 2300, Houston, Texas 77002. Carrizo may be served through its registered agent for service of process, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

10. Defendant Crescent Energy Services, LLC, is a Delaware corporation whose principal place of business is located at 1304 Engineers Road, Belle Chasse, Louisiana 70037. On information and belief, Crescent Energy Services, LLC does a substantial amount of business in the State of Texas on a continuing and systematic basis and maintains a franchise tax license in Texas. This Defendant may be served through its registered agent for service of process, Paul McKim, 13502 Crosslyn Lane, Cypress, Texas 77429. Additionally or alternatively, this Defendant may be served through its registered agent for service of process, CAPITOL CORPORATE SERVICES, INC., 8550 United Plaza Building II, Ste. 305, Baton Rouge, LA 70809. Additionally or alternatively, process directed at this Defendant may be served on the Texas Secretary of State, per the procedures outlined in section 17.045 of the Texas Civil Practice and Remedies Code, section 5.252 of the Texas Business Organizations Code, and other applicable law.

## IV.
## FACTS AND CAUSES OF ACTION

12. This lawsuit is necessary as a result of personal injuries that Plaintiff received, while in the course and scope of his employment with Defendants Crescent Energy Services, LLC (hereinafter referred to as "Crescent") and Carrizo Oil & Gas, Inc. (hereinafter referred to as "Carrizo"), on or about February 13, 2015 while working onboard an offshore oil and gas platform owned and/or operated by Defendant Carrizo while assigned to a barge owned and/or operated by Defendant Crescent and in furtherance of such vessel.

13. Plaintiff sustained serious and debilitating injuries, including the loss of his left leg, when a nearby valve blew out due to excess pressure. This blowout sent Plaintiff hurtling into the Gulf of Mexico, where he subsequently required rescue.

14. Defendants are negligent, negligent per se, and grossly negligent for the following reasons:

    a. failure to properly supervise their crews;

    b. failure to properly train their employees;

    c. failure to provide adequate safety equipment;

    d. failure to provide necessary equipment needed to carry out duties;

    e. failure to provide adequate medical treatment;

    f. operating a vessel and platform with an inadequate crew;

    g. operating a vessel and platform in an improper and unsafe manner;

    h. failure to maintain the vessel and platform;

    i. vicariously liable for their employees' negligence and negligence per se;

    j. violating applicable Coast Guard, OSHA, EPA, and/or BSEE rules and regulations; and

    k. other acts deemed negligent.

15. At all relevant times, the vessels were unseaworthy.

16. As a result of Defendants' negligence, Plaintiff sustained severe injuries, which resulted in physical pain, physical disfigurement, mental anguish, physical impairment, discomfort and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment, physical disfigurement and mental anguish and distress will continue indefinitely. Plaintiff has also suffered a loss of earnings and loss of earning capacity in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will continue to incur pharmaceutical and medical expenses in connection with his injuries. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

17. Further, as an American seaman, Plaintiff is also entitled to maintenance and cure. Defendants have willfully, wantonly, arbitrarily, and capriciously failed to live up to their maintenance and cure obligations, entitling Plaintiff to an award for punitive damages and attorneys' fees. As such, Plaintiff demands that Defendants reinstate maintenance payments at a reasonable rate and pay for Plaintiff's medical treatment. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

## V.
## RESPONDEAT SUPERIOR

18. Plaintiff incorporates all other paragraphs by reference here fully.

19. Whenever in this Petition it is alleged that Defendants did or failed to do any particular act and/or omission, it is meant that Defendants, acting individually, or by and through agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission, in the course and scope of his employment, agency or contract with Defendants, and in furtherance of Defendants' business. Pursuant to Texas Rules of Civil Procedure 28, any

entity doing business under an assumed name may be sued in its assumed name for the purpose of enforcing against it a substantive right.

20. Therefore, under the doctrine of respondeat superior, Defendants are vicariously liable for the acts and omissions of their agents, officers, directors, servants, and employees in the course and scope of their employment, further outlined elsewhere in this petition and incorporated by reference here fully.

## VI.
## GROSS NEGLIGENCE OF ALL DEFENDANTS

21. Plaintiff incorporates all other paragraphs by reference here fully.

22. Plaintiff alleges that, these acts and omissions, when viewed from the standpoint of all Defendants, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others. All Defendants had actual, subjective awareness of the risks of its conduct, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

23. Plaintiff further alleges that the injuries and damages that Plaintiff sustained in the incident in question were caused by the gross negligence of Defendants acting by and through their employees, agents, officers, and representatives in the course of employment for said Defendant.

24. As such, Defendants are grossly negligent and should be subjected to exemplary damages under Texas law.

25. Plaintiff is also entitled to punitive damages under the general maritime law because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injuries, but did nothing to rectify them. Defendants' acts and omissions involved an extreme degree of

risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk. Defendant additionally or alternatively ratified and failed to repudiate the wrongful, grossly negligent conduct of its employees.

## VII.
## DAMAGES

26. Plaintiff incorporates all other paragraphs by reference herein fully.

27. As a direct and proximate result of the accident and negligence and gross negligence described above, Plaintiff sustained the following injuries and damages:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

   b. Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;

   c. Physical pain and suffering in the past;

   d. Physical pain and suffering that will, in all reasonable probability, be suffered in the future;

   e. Physical impairment in the past;

   f. Physical impairment which, in all reasonable probability, will be suffered in the future;

   g. Mental anguish in the past;

   h. Mental anguish which, in all reasonable probability, will be suffered in the future;

   i. Loss of earnings and/or earning capacity in the past;

   j. Loss of earning capacity, which, in all probability, will be incurred in the future;

   k. Disfigurement in the past and future;

l. Cost of medical monitoring and prevention in the future;

m. Exemplary damages; and

n. All other damages to which Plaintiff may be justly entitled and that may be shown through discovery and trial of this case.

## VIII.
## RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

28. Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages. It is early in the case to be assessing the full nature and scope of Plaintiff's injuries, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands.

29. Texas Rule of Civil Procedure 47, however, *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff states that monetary relief of over $1,000,000, in amount to be determined by the jury, is being sought.

## IX.
## REQUEST FOR DISCLOSURE

30. Pursuant to Rule 194, each Defendant is requested to disclosure within 50 days of service of this request, the information or material described in Rule 194.2.

## X.
## REQUEST FOR JURY TRIAL BY PREFERENTIAL SETTING

31. Plaintiff hereby requests a trial by jury on all claims and has paid or will tender the appropriate fee.

32. Plaintiff hereby requests a preferential trial setting pursuant to Section 23.101(a)(5) of the Texas Government Code (which ensures preferential trial settings for Jones Act cases such as this one).

## XI.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

33.  Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice that she intends to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendants have produced in response to Plaintiff's written discovery requests.

## XII.
## CONCLUSION & PRAYER

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, attorneys' fees, punitive damages, and all such other and further relief, to which he may show himself justly entitled.

Respectfully submitted,

Ryan H. Zehl
Texas State Bar No. 24047166
rzehl@zehllaw.com
Kevin C. Haynes
Texas State Bar No. 24055639
khaynes@zehllaw.com
ZEHL & ASSOCIATES, PC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone: 713.491.6064
Facsimile: 713.583.8545

**ATTORNEYS FOR PLAINTIFF**
**CORDAY SHOULDER**

