**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**CIVIL ACTION**

IN RE: CRESCENT ENERGY
SERVICES, LLC                                    **NO: 15-819 c/w 15-5783**


**SECTION: "H"**
**(Applies to: Both Cases)**

## ORDER AND REASONS

Before the Court is Claimant Corday Shoulder's ("Shoulder") Motion to Bifurcate (Doc. 22), Claimant Carrizo, LLC's ("Carrizo") Motion to Bifurcate (Doc. 29), and Claimant Shoulder's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 37). For the following reasons, Shoulder's Motion to Bifurcate is DENIED, Carrizo's Motion to Bifurcate is GRANTED, and Shoulder's Motion to Dismiss is DENIED.


## BACKGROUND

This is a limitation action brought by Crescent Energy Services, LLC ("Crescent") as owner of the S/B OB 808. Claimant Shoulder alleges that he was a seaman employed by Crescent and assigned to the S/B OB 808 while it

1

performed work on offshore wells owned by Carrizo.  On February 13, 2015, Claimant Shoulder sustained an injury while working on Carrizo's offshore wells.  The injury occurred when a valve blew out due to excess pressure,  forced Shoulder into the Gulf of Mexico, and resulted in the amputation of his lower left leg.

On March 18, 2015, Shoulder brought a Jones Act and general maritime law claim against Crescent and Carrizo in the 61st Judicial District Court of Texas. Unbeknownst to him, Crescent filed this limitation action on March 13, 2015, and an order restraining the prosecution of other claims was issued on March 16, 2015.  On May 20, 2015, Shoulder filed claims in response to Crescent's limitation action in this Court.  Carrizo likewise filed an answer and claim in this limitation action denying liability and asserting a claim for contractual defense and indemnity.  Crescent then filed a third-party complaint against Carrizo alleging that Carrizo is liable for Shoulder's injuries.

Pending before this Court are a Motion to Dismiss and two Motions to Bifurcate.  Shoulder first asks this Court to dismiss Crescent's limitation claim for lack of federal admiralty subject matter jurisdiction.  Claimant Shoulder also filed a Motion to Bifurcate, asking this Court to bifurcate his claims so that he may return to state court to try his personal injury claims before a jury.  Finally, Claimant Carrizo's Motion to Bifurcate asks this Court to bifurcate the claims within federal court,  such that Crescent's entitlement to limitation of liability is tried by this Court and the remaining personal injury claims are tried by a jury.  This Court will address each of these motions in turn.

2

## LEGAL STANDARD

*A. Subject Matter Jurisdiction*

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a complaint may be dismissed for lack of subject matter jurisdiction. A complaint lacks federal subject matter jurisdiction when the district court "lacks the statutory or constitutional power to adjudicate a case."[1] District courts are granted federal admiralty jurisdiction in 28 U.S.C. § 1333. A district court has the power to dismiss a complaint for lack of subject matter jurisdiction on three separate bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[2] The party asserting federal admiralty jurisdiction bears the burden to prove that federal admiralty jurisdiction exists.[3]

*B. Bifurcation*

This Court has the discretion to bifurcate claims.[4]  A district court may order separate trials of one or more claims or issues "[f]or convenience, to avoid prejudice, or to expedite and economize."[5] However, the Fifth Circuit has cautioned courts before bifurcating issues and ordering separate trials that the "issue to be tried [separately] must be so distinct and separable from the others

---

[1] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[2] *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

[3] *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527 (1995).

[4] Fed. R. Civ. Pro. 42(b).

[5] *Id.*

that a trial of it alone may be had without injustice."[6] Even if bifurcation promotes judicial economy, courts should not permit it when it will lead to delay, additional expenses, and prejudice.[7] Because bifurcation is discretionary, courts should balance equities before bifurcating issues.[8] When a court decides to bifurcate issues and order separate trials, the court must preserve a party's federal right to a jury trial.[9]

## LAW AND ANALYSIS

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Shoulder argues that this Court should dismiss Crescent's limitation action for lack of federal admiralty subject matter jurisdiction. Shoulder argues that the limitation action fails both the maritime location and connection tests required to establish jurisdiction. He also contends that his Jones Act claim against Crescent cannot compel federal jurisdiction because it too fails the location and connection tests. This Court will consider each of these arguments in turn.

"The Limitation of Liability Act does not confer jurisdiction upon federal courts."[10] Federal admiralty jurisdiction requires maritime locus (location) and

---

[6] *Swofford v. B&W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964); *Laitram Corp. v. Hewlett Packard Co.*, 791 F.Supp. 113, 115 (E.D. La. 1992).

[7] *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 115 (E.D. La. 1992); *Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.*, 707 F.Supp. 1429, 1433 (D. Del. 1989).

[8] *Laitram Corp.*, 791 F. Supp. at 115.

[9] *Id.*

[10] *Guillory v. Outboard Motor Corp.*, 956 F.2d 114, 115 (5th Cir. 1992).

4

maritime nexus (activity) conditions.[11]  The maritime locus test is satisfied by demonstrating that either: (1) the injury occurred on navigable waters or (2) the vessel caused the injury.[12]  The maritime nexus test is satisfied by showing that (1) the injury has a "potentially disruptive impact on maritime commerce" and (2) the character of the activity giving rise to the incident has a "substantial relationship" to "traditional maritime activity."[13]

Shoulder claims that Crescent's limitation action lacks federal admiralty jurisdiction because it fails both necessary conditions.  Shoulder argues that the limitation action fails the maritime location test because the injury occurred on a fixed oil platform, which is neither a navigable vessel nor over navigable waters.  In addition, he argues that no vessel caused or contributed to his injuries because he was injured by the well components on the oil platform. Crescent rebuts that the location test is satisfied because Shoulder's personal injury claims allege that Crescent's unseaworthy vessel and inadequate crew contributed to his injury.  Indeed, Shoulder's claims in this action allege that his injury was caused by the negligence of Crescent "and/or the unseaworthiness of the S/B OB 808."[14]  Crescent's alleged negligence includes "failure to provide adequate safety equipment," "failure to provide necessary equipment needed to carry out duties," and "operating a vessel and platform with an inadequate

---

[11] *Jerome B. Grubart, Inc.*, 513 U.S. at 534.

[12] *The Plymouth*, 70 U.S. 20 (1865); *see also Jerome B. Grubart*, Inc., 513 U.S at 534, 582.

[13] *Jerome B. Grubart, Inc.*, 513 U.S at 534.

[14] Doc. 6.

crew."[15]   Likewise, in Shoulder's original state court petition, he alleges that Crescent was negligent in supervising and training its crewmembers, that the vessel was unseaworthy because the vessel lacked "necessary equipment," and that the vessel was "improper" and "unsafe."[16]  By bringing these Jones Act and unseaworthiness claims, Shoulder has acknowledged that Crescent's vessel may be responsible for his injury.  Shoulder cannot make these claims and then argue that Crescent's limitation action lacks a maritime location. Accordingly, Crescent's limitation action satisfies the maritime location test because Shoulder's Jones Act and general maritime law claims presuppose that Shoulder was injured on navigable waters and that Crescent's vessel contributed to the injury.  Therefore, the maritime location test is met.

Shoulder next contends that the limitation action fails the maritime connection test because Shoulder's construction work on an oil platform is not related to traditional maritime commerce. Crescent rebuts that the maritime activity test is satisfied because Shoulder's Jones Act claim requires that Shoulder be a seaman, which presupposes traditional maritime activity.  This Court agrees.  In order to bring a Jones Act personal injury claim, the claimant must be a seaman.[17]  Seaman status requires (1) a connection to a vessel in navigation that is substantial in duration and nature and (2) contribution to the vessel's function or its mission.[18]  Thus, assuming that Shoulder is a Jones Act seaman as he has alleged, he is necessarily involved in traditional maritime

---

[15] Doc. 6.

[16] Doc. 37-4.

[17] *Chandris, Inc. v. Latsis*, 515 U.S. 347, 354 (1995).

[18] *Id.* at 368.

activities, and thus the maritime nexus requirement is satisfied.  Accordingly, this Court holds that it has independent jurisdiction over Crescent's limitation action, and therefore need not consider Shoulder's additional arguments on this front.

## B. Motions to Bifurcate

Next, Claimant Shoulder's Motion to Bifurcate asks this Court to bifurcate his personal injury action from Crescent's limitation action and allow him to return to state court.  Shoulder argues that while Crescent has a right to a federal bench trial, he has a right to a state jury trial.  Claimant Carrizo, on the other hand, moves this Court to allow Shoulder to try his claims before a jury in this forum while Crescent tries its claims before this Court.

"Tension exists between the saving to suitors clause and the Limitation Act because the former affords suitors a choice of remedies, while the latter gives shipowners the right to seek limitation of their liability exclusively in federal court."[19]  Under the saving-to-suitors clause, plaintiffs have the option to request a state jury trial for personal injury claims involving the Jones Act and general maritime law.[20]  Pursuant to the Limitation Liability Act, vessel owners have a right to a federal bench trial if "the amount of the claims exceed[s] the value of the ship and its cargo," and the vessel owner is "seek[ing] to limit liability to the value of the ship and its cargo."[21]

---

[19] *In re Tetra Applied Techs. L P*, 362 F.3d 338, 340 (5th Cir. 2004).

[20] 28 U.S.C. § 1333.

[21] CHARLES ALAN WRIGHT, ARTHER R. MILLER, ET AL., 14A FEDERAL PRACTICE AND PROCEDURE § 3672 (4th ed. 2014); *see also In re the Matter of Marquette Transp. Co. Gulf-Inland, LLC*, No. 13-6351, 2014 WL 6389978, at *5 (E.D. La. Nov. 13, 2014).

The bifurcation of the personal injury and limitation claims can resolve this conflict by allowing two separate trials—a federal bench trial and a state jury trial. The Supreme Court has allowed such a bifurcation "where a single claimant sues a shipowner in state court and the owner files a petition for limitation of liability in federal court."[22]   The situation is complicated, however, when a limitation action involves multiple claimants, as it does here.   The Fifth Circuit has held that claims involving multiple claimants "may proceed outside the limitation action (1) if they total less than the value of the vessel, or (2) if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court."[23] These requirements ensure that the right of the vessel owner to limit its liability to the value of the vessel is protected.[24]

In this case, Shoulder's claim far exceeds the value of the vessel.   In its limitation action, Crescent states that the total value of the S/B OB 808, its appurtenances, and pending freight is $247,000.[25] Shoulder's state court petition estimated his claim at more than $1,000,000, far exceeding the vessel's value.[26] In addition, the parties have expressed no willingness to stipulate otherwise. Given these facts, bifurcation in which Shoulder is allowed to proceed in state

---

[22] *In re Tetra Applied Techs. L P*, 362 F.3d at 340 (citing *Langnes v. Green*, 282 U.S. 531, 541 (1931);  *see Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438 (2001).
[23] *In re Tetra Applied Techs. L P*, 362 F.3d at 341.
[24] *Lewis*, 531 U.S. 438.
[25] Doc. 1
[26] Doc. 30-1.

court is inappropriate because this Court would be unable to protect Crescent's right to limitation.[27]  Further, such an order would lead to two separate, duplicative, and expensive trials, which would be inconvenient and a violation of judicial economy.[28]  Accordingly, Shoulder's request to bifurcate is denied.

The Court next considers Carrizo's request that this Court try all limitation of liability issues, while Shoulder's remaining personal injury claims are tried by a jury in this forum.  Other courts have allowed this procedure, and this Court holds that it is an appropriate compromise here as well.[29]  In light of Shoulder's statutory right to try his Jones Act and general maritime law claims to a jury and Crescent's right to a bench trial on the issue of limitation, "this Court will follow the procedure adopted by other district courts and bifurcate trial here."[30]  This procedure will avoid prejudice to either party.[31]  Accordingly, Carrizo's request to bifurcate trial between the bench and a jury in this forum is granted.

## CONCLUSION

For the foregoing reasons, Shoulder's Motion to Dismiss for lack of subject matter jurisdiction is DENIED.  In addition, Shoulder's Motion to Bifurcate is DENIED, and Carrizo's Motion to Bifurcate is GRANTED.  The Court will try

---

[27] *Lewis*, 531 U.S. at 453.
[28] *See* Fed. R. Civ. Pro 42(b).
[29] *See Marquette*, 2014 WL 6389978;  CHARLES ALAN WRIGHT, ARTHER R. MILLER, ET AL., 14A FEDERAL PRACTICE AND PROCEDURE § 3672 (4th ed. 2014); *Brister v. A.W.I., Inc.*, 946 F.2d 350, 353 (5th Cir. 1991).
[30] *See Marquette*, 2014 WL 6389978 at *5.
[31] Fed. R. Civ. Pro. 42(b).

Crescent's limitation action and allow Shoulder to try his personal injury claims before a jury in this court.

New Orleans, Louisiana, this 25th day of November, 2015.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

10