UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: CRESCENT ENERGY
SERVICES, LLC

CIVIL ACTION

NO. 15-819 c/w 15-5783
Applies to: 15-819

SECTION: "H"

## ORDER AND REASONS

Before the Court is a Motion for Review (R. Doc. 111) of the Magistrate Judge's Order granting Complainant Corday Shoulder's Expedited Motion for Inspection and Testing of Flange (R. Doc. 110). For the following reasons, the Magistrate Judge's Order is AFFIRMED.

## BACKGROUND

This is a limitation action brought by Crescent Energy Services, LLC ("Crescent") as owner of the S/B OB 808. On February 13, 2015, Claimant Corday Shoulder, employed by Crescent as a pump operator, was severely injured in a well blowout. Crescent had been hired by Carrizo Oil & Gas, Inc. ("Carrizo") to plug and abandon one of Carrizo's offshore wells. Before the accident, Shoulder attached a piece of pipe to Carrizo's well and screwed the

1

pipe into a flange. Shortly after Shoulder began releasing pressure from the well, the pipe separated from the flange, severely injuring Shoulder's leg.

The parties agree that destructive testing of the flange must be undertaken to determine the cause of the blowout. The parties do not, however, agree on the type of testing that should be performed. Accordingly, each party presented its proposal for testing to Magistrate Judge Shushan for her consideration. Shoulder suggested an eight-step protocol that calls for the flange to be shipped to Minnesota for CT scanning. Crescent's proposed testing is substantially the same as Shoulder's but instead suggests shipment to Dallas, Texas. Both of these proposals intend to retain a "large remnant" of the flange for use as a demonstrative at trial.

Carrizo's protocol proposes four additional steps that would result in the total destruction of the threaded central hole of the flange as it existed at the time of the accident. Shoulder and Crescent contend that the condition of the threads on the flange is the central focus of the destructive testing and that Carrizo's proposed testing would prevent their experts from conducting additional tests, as well as preclude the jury from seeing the unaltered condition of the flange.

Considering these arguments, Magistrate Shushan ordered that the parties proceed with the testing protocol presented by Shoulder. Carrizo now appeals this order, alleging that the decision was clearly erroneous and an abuse of discretion. This Court will consider its arguments in turn.

## LEGAL STANDARD

With the consent of the presiding district judge, a magistrate judge may adjudicate non-dispositive pre-trial motions.[1] A magistrate judge is afforded

---

[1] 28 U.S.C. § 636(b)(1)(A).

broad discretion in resolving non-dispositive pre-trial matters.[2] A party aggrieved by the magistrate judge's ruling may appeal to the district judge within fourteen days after service of the ruling.[3] The district judge may reverse only upon a finding that the ruling is "clearly erroneous or contrary to law."[4] In order to meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been committed."[5]

## LAW AND ANALYSIS

Carrizo makes two primary arguments in support of its motion seeking reversal of the magistrate judge's selection of Shoulder's testing protocol. First, it argues that Shoulder did not present competent evidence of his protocol. Second, it argues that Judge Shushan committed both errors of fact and law. This Court will address each argument in turn.

### I. Incompetent Evidence

Carrizo objects to the order granting Shoulder's Expedited Motion for Inspection and Testing of Flange on the grounds that the proposed protocol attached to Shoulder's Motion is inadmissible hearsay. Specifically, Carrizo argues that the proposed protocol, which was not supported by affidavit, is not competent evidence and that the magistrate judge therefore erred in relying on it. This Court is unpersuaded by Carrizo's argument. Notwithstanding Shoulder's argument that the rules of evidence do not strictly apply to discovery motions, the exhibit at issue is not hearsay. Hearsay is evidence that

---

[2] *McCallon v. BP Am. Prod. Co.*, Nos. 05–0597, C/W 05–0700, 2006 WL 3246886, at *2 (E.D. La. Nov. 8, 2006).
[3] FED. R. CIV. P. 72(a).
[4] 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).
[5] *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 376 (E.D. La. 2012) (internal quotation marks omitted).

a party offers "to prove the truth of the matter asserted in the statement."[6] Shoulder did not offer his proposed testing protocol for its truth. Rather, he offered it as his preferred choice for the procedure by which the parties should engage in testing of the flange. This proposal was submitted at the magistrate judge's request. The exhibit does not purport to prove anything and is therefore not hearsay. Magistrate Judge Shushan did not err in considering it.

## II. Error of Fact

Carrizo next insists that Judge Shushan erred as a matter of fact in concluding that Carrizo's proposed testing protocol would destroy the condition of the threads, depriving the jury of the opportunity to observe the flange as it existed at the time of the accident. Carrizo argues that this factual finding is erroneous because its test preserves the condition of the threads through the creation of 3-D molds prior to the destructive testing. Shoulder correctly points out, however, that the creation of molds was only suggested in Carrizo's original testing protocol and not in the revised testing protocol that it asked the magistrate to adopt. Accordingly, Judge Shushan may have properly ignored that step because it was not suggested in the protocol before her. Regardless, her finding that Carrizo's protocol would prevent the jury from seeing the appearance of the threads after the accident is not clearly erroneous, especially in light of the opinion of Crescent's expert that photographs and replicas of the flange would be "poor substitutes for the real thing."[7]

## III. Error of Law

Finally, Carrizo contends that Judge Shushan erred as a matter of law in selecting Shoulder's protocol for three reasons. First, it argues that its

---

[6] FED. R. CIV. P. 802.
[7] Doc. 102-2.

protocol should have been selected because it provides for the other parties to perform their desired testing, while Shoulder's protocol does not allow Carrizo to perform its desired testing.  Second, it alleges that it is not proper grounds to deny a testing protocol simply because it will prevent the jury from seeing the flange in an unaltered condition, especially in light of the safeguards provided by Carrizo's protocol.  Third, it asserts that its test will better aid the parties in determining whether the flange was defective.  Shoulder disputes each of these points, arguing that Carrizo's testing lacks the safeguards provided by its proposed protocol and prevents additional testing needed to determine the threads' condition at the time of the accident.

Federal Rule of Civil Procedure 34 allows for any party to request to produce and permit the requesting party . . . to inspect, copy, test, or sample . . . any designated tangible thing."[8]  "The decision to permit or deny destructive testing rests within the district court's discretion.  When the proposed test will alter the original state of the object, the court must balance the costs of the alteration of the object and the benefits of getting to the truth in the case."[9]  Additionally, the court must also use this balancing test when the "parties differ as to whether an inspection or test is appropriate."[10]

The parties in this matter each propose destructive testing but do not agree on the testing to be performed.  The proposal promulgated by Shoulder and Crescent proposes cutting a 1.5 inch section of the threads of the flange to be used for hardness and chemical testing, as well as examination and photography under microscopes and spectroscopes, and preserving a large remnant of the flange to be used as demonstrative evidence.  In contrast,

---

[8] FED. R. CIV. P. 34(a)(1)(B).
[9] *Nugent v. Hercules Offshore Corp.*, No. 98-3060, 1999 WL 1277536, *1 (E.D. La. Dec. 28, 1999) (citations omitted.).
[10] *Ramos v. Carter Exp. Inc.*, 292 F.R.D. 406, 408, (S.D. Tx. 2013).

5

Carrizo's Revised Protocol proposes driving a pipe tap into the threads to re-cut them and then pressurizing the flange with a hydraulic hand pump to 10,000 PSI.[11] Carrizo's test will destroy the original condition of the flange and does not, as discussed above, provide for the creation of any molds or replicas prior to the destructive testing. In addition, Shoulder's expert argues that Carizzo's proposal will not garner relevant or valuable evidence because it seeks to "modify the nature of the damaged threads by improving their condition, and then perform[ing] a partial recreation of the incident."[12] Each of the experts contend that he cannot perform his desired testing if the other expert is allowed to perform his first.

Given this evidence, Judge Shushan did not err in choosing Shoulder's protocol. Shoulder's protocol provides for extensive testing and documentation of the threads of the flange without erasing evidence of its condition at the time of the accident. In addition, both Shoulder's and Crescent's experts raised concerns about Carrizo's method and whether it would actually aid in determining the cause of the accident. In light of this evidence, Shoulder's protocol provided more safeguards, preserved a large portion of the flange, and was more likely to reveal the truth. For these reasons Judge Shushan did not err as a matter of law, and her decision is affirmed.

## CONCLUSION

The Magistrate's Order granting Shoulder's destructive testing protocol is AFFIRMED. Carrizo's Motion for Review/Appeal of the Order on Motion for Inspection and Testing of Flange is DENIED.

---

[11] Doc. 103-4, p. 2.
[12] Doc. 109-1.

New Orleans, Louisiana this 5th day of July, 2016.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**