**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: CRESCENT ENERGY  
SERVICES, LLC

CIVIL ACTION

NO. 15-819 c/w 15-5783

SECTION: "H"

**(Applies to all consolidated matters)**

## ORDER AND REASONS

Before the Court are Defendant Starr Indemnity's Motion for Summary Judgment (Doc. 307), Defendant Carrizo's Motion for Summary Judgment (Doc. 317), Defendant Lloyd's Motion for Summary Judgment (Doc. 320), and Defendant Starr's Motion for Summary Judgment (Doc. 333). For the following reasons, Defendant Lloyd's Motion for Summary Judgment is GRANTED and the other motions are DENIED.

## BACKGROUND

This is a limitation action brought by Crescent Energy Services, LLC ("Crescent") as owner of the S/B OB 808. On February 13, 2015, Claimant Corday Shoulder, a pump operator employed by Crescent aboard the S/B OB

1

808, was severely injured in a well blowout. Crescent was hired by Carrizo Oil & Gas, Inc. ("Carrizo") to plug and abandon one of Carrizo's offshore wells. Before the accident, Shoulder attached a piece of pipe to Carrizo's well and screwed the pipe into a flange. When Shoulder began releasing pressure from the well, the pipe separated from the flange, severely injuring Shoulder's leg and resulting in an above-the-knee amputation.

In response to the accident, Crescent filed a limitation of liability action, in which both Shoulder and Carrizo filed claims. In addition, Carrizo filed a cross-claim against Crescent and third-party claims against Crescent's insurers: Liberty Mutual Insurance Company, Starr Indemnity & Liability Company ("Starr"), Torus National Insurance Company ("Torus"), and Certain Underwriters at Lloyd's of London ("Lloyd's"). Carrizo alleges that it is entitled to contractual indemnity from Crescent and coverage as an additional insured from Crescent's insurers pursuant to its Master Service Agreement (MSA) with Crescent. Shoulder likewise filed a third-party complaint against the aforementioned insurance companies.

On November 7, 2016, the Court ruled on a series of motions for summary judgment, holding that general maritime law applied to the MSA and refusing to dismiss the indemnity claims brought by Carrizo against Crescent's insurers. On December 14, 2016, the parties agreed to a partial settlement. All claims by Shoulder and against Torus were resolved. The remaining parties reserved rights to pursue claims relating to attorney's fees and policy coverage. The latter is at issue here. Starr, Carrizo, and Lloyd's have each filed a motion for summary judgment on the issue of whether

2

Crescent's policy with Lloyd's provides coverage to Carrizo as an additional assured. This Court will discuss their arguments in turn.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[8] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[9]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[10] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[11] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[12] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to

---

[8] Fed. R. Civ. P. 56(c) (2012).
[9] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[10] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 532 (5th Cir. 1997).
[11] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[13]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[14]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[15]

## LAW AND ANALYSIS

### A. Starr's Motions for Summary Judgment

Starr, which provides an umbrella policy to Crescent, has filed two Motions for Summary Judgment, asking this Court to find that the Lloyd's policy provides coverage to Carrizo.  Curiously, though, Starr has not filed any claim against Lloyd's, and Lloyd's argues that it therefore should not be allowed to move for summary judgment against it.  This Court agrees.  The only claim at issue in Starr's motions is Carrizo's claim against Lloyd's.  Starr has not brought a claim against Lloyd's on which it can seek judgment, and it has no standing to move for judgment on Carrizo's behalf.  Accordingly, these motions are denied.

### B. Carrizo's and Lloyd's Cross-Motions for Summary Judgment

In its Motion, Carrizo argues that the Hull/Protection and Indemnity Policy ("the Policy") provided to Crescent by Lloyd's covers Carrizo for its

---

[13] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[14] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[15] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

potential liability in this matter. The Policy insures Crescent for any liabilities it may incur as owner of the vessel, the OB 808. Shoulder was a member of the crew of the OB 808, which was performing plug and abandon work on Carrizo's well at the time that Shoulder was injured. Carrizo argues that the Policy provides it coverage in two ways: (1) as an additional insured, and (2) for Crescent's contractual liability to Carrizo. This Court will address each argument in turn.

I. **Additional Insured Coverage**

Carrizo argues that it is an additional insured on the Lloyd's P & I policy because the MSA required that Crescent add it as an additional insured on all of its insurance policies. Lloyd's P & I policy explicitly covers Crescent for any liabilities it may incur "as owner" of the OB 808. Carrizo argues that under the Policy the MSA's requirement that Carrizo be added as an additional insured renders the "as owner" clause of the Policy deleted, thereby expanding coverage to Carrizo. Lloyd's disputes this reading of the Policy but argues that *even if* the "as owner" clause is deleted, the Policy does not provide coverage to Carrizo for a myriad of other reasons. Most notably, Lloyd's argues that the Policy's coverage does not extend to cover liabilities beyond vessel operations. Because this Court ultimately finds this argument compelling, it need not address the parties' additional arguments.

There are two provisions relevant to Lloyd's argument that the Policy's coverage is limited to liabilities arising out of vessel operations. The first states that:

> In respect to any/all Additional Assureds named herein, it is noted and agreed, where required by written contract; . . . (2) Any

5

reference to "other Than Owner", "As Owner" and/or "other Insurance" clauses contained in this policy shall be deemed deleted. Notwithstanding, if a claim is made by anyone other than the Owner and/or Operator of the Vessel(s) insured hereunder, such person or entity shall not be entitled to wider coverage than would the Owner and/or Operator had claim been made by the Owner and/or Operator as an Assured under this policy.[16]

The second reiterates that:

The so-called Other Than Owner, As Owner and/or Other Insurance Clauses . . . shall . . . be deemed deleted as may be required by contract in respect of additional assureds. . . . Notwithstanding the above, this clause shall not extend the insuring conditions beyond vessel operations.[17]

These provisions explicitly state that whether or not a claim is brought by the owner or operator of the OB 808 or by some additional assured, the coverage provided by the Policy is unchanged.[18] The Policy's coverage is limited to vessel-related risks. None of Carrizo's potential liability to Shoulder relates to vessel operations. All of Shoulder's claims against Carrizo arise out of its operation, control, maintenance, and supervision of the well upon which Shoulder was working when he was injured. Indeed, the only allegations of Shoulder's complaint against Carrizo that could be construed as arising out of vessel operations have been acknowledged by all parties to be the result of a typographical error.[19] Accordingly, even if Carrizo is an additional insured and

---

[16] Doc. 320-2, p. 31.
[17] Doc. 320-3, p. 32.
[18] *See Gaspard v. Offshore Crane & Equip., Inc.*, 106 F.3d 1232, 1238 (5th Cir. 1997) ("In that event [a third party brings a claim], coverage is limited to what Seacor or Chevron [the owner and operator] could have obtained under the policy.").
[19] See Doc. 317-7, p. 10–12.

the "as owner" clause is deemed deleted from the Policy, the Policy would still not provide coverage to Carrizo for its potential liability to Shoulder.

The case law confirms this interpretation. In *Certain Underwriters at Lloyds v. L&M Bo Truc Rental*, Judge Clement, while serving on the Eastern District of Louisiana, held that because none of the additional assured's liability arose from vessel operations, it was not covered by a P & I policy that stated that even if the "as owner" clause was deleted such "shall not extend the insuring conditions beyond vessel operations."[20] This policy language is identical to that at issue here, and therefore an identical holding is warranted.

The Fifth Circuit confirmed this interpretation in *Gaspard v. Offshore Crane and Equipment, Inc.*[21] In *Gaspard*, the court interpreted limiting policy language identical to that at issue here and held that it meant that when a third party, other than the owner or operator of the vessel, brings a claim, coverage is limited to that which could have been obtained by the owner or operator under the policy.[22] It went on to say that such language was inapplicable in that case, however, because the party bringing a claim, Chevron, was both the operator of the vessel and the platform owner.[23] It held, therefore, that Chevron could be entitled to coverage under the policy for its vessel-related negligence.[24] "The deletion of the 'as owner' clause created at

---

[20] *Certain Underwriters at Lloyd's v. L & M Bo Truc Rental, Inc.*, No. 91-1528, 1993 WL 139481, at *6 (E.D. La. Apr. 28, 1993), order amended on reconsideration, No. 91-1528, 1993 WL 370630 (E.D. La. Sept. 13, 1993), and on reconsideration sub nom. Certain Underwriters at Lloyd's v. L & M Bo Truck Rental, Inc., No. 91-1528, 1993 WL 488590 (E.D. La. Nov. 22, 1993).
[21] *Gaspard*, 106 F.3d 1232.
[22] *Id.* at 1238.
[23] *Id.*
[24] *Id.*

least a genuine issue of material fact as to whether [the insurer's] policy covered *vessel-related* liabilities involving Chevron's negligence in its capacity as a platform operator."[25] At no point did the court indicate that the policy might cover Chevron's non-vessel liability, as is sought here. Accordingly, *Gaspard* likewise supports a reading of the Policy that limits coverage to vessel-related negligence.

In support of its argument that the Policy should provide it coverage, Carrizo relies on the Fifth Circuit's opinion in *Helaire v. Mobil Oil Company*.[26] This Court finds that decision distinguishable. In *Helaire*, the platform operator and vessel charterer, Mobil, was found to be at fault for the injury of the plaintiff for its actions in ordering the unloading of cargo on the vessel to continue in bad weather.[27] The Court first held that Mobil's negligence was vessel-related, and it was therefore covered by the vessel's P and I policy.[28] It went on to say, however, that:

> [E]ven assuming that Mobil's liability may have arisen from its status as platform operator, indemnification was still properly awarded. The indemnity policy which named Mobil as assured was a standard fleet insurance policy providing assured's coverage "against liabilities . . . in respect of the vessel", with one significant deletion. The words "as owner of the vessel named herein" were deleted from the policy. The district court found that this deletion was intended to providez coverage for Mobil regardless of the capacity in which Mobil was sued. Certainly this finding was not clearly erroneous. The policy in contention here makes no distinction between coverage for unloading activities on the one hand and platform activities on the other. Consequently, the

---
[25] *Id. at 1239.*
[26] *Helaire v. Mobil Oil Co.*, 709 F.2d 1031, 1042 (5th Cir. 1983).
[27] *Id.*
[28] *Id.*

8

court's indemnification order is proper regardless of whether Mobil incurred liability as a "vessel owner" or as a "platform operator".[29]

The court, in dicta, indicated that Mobil might be covered for negligence arising out of platform activities. It acknowledged, however, that the policy at issue made no distinction between the activities for which it would provide coverage. Here, the Policy explicitly states that even if the "as owner" clause is deleted, it will not provide coverage beyond vessel operations. The facts of *Helaire* are distinguishable from the facts here. The facts of this case and the language of the Policy are consistent with the *Bo Truc Rentals* and *Gaspard* decisions. Accordingly, this Court holds that the Lloyd's policy does not provide coverage to Carrizo as an additional insured for its potential liability to Shoulder because its liability does not arise out of vessel operations.

## II. Contractual Liability

Carrizo next argues that the Policy provides coverage for Crescent's contractual obligations to Carrizo under the MSA. The MSA provides for a reciprocal indemnification agreement between Crescent and Carrizo. The Policy states that Lloyd's will provide coverage to Crescent for its liability arising out of hold harmless or indemnity agreements "contained in such contracts as have or may be entered into by [Crescent] for the furnishing of vessel services." Carrizo alleges, therefore, that the Policy must provide Crescent coverage for its contractual obligations to Carrizo under the MSA.

In response, Lloyd's asserts two arguments: (1) that Carrizo has no right to assert a claim for coverage allegedly owed to Crescent and (2) that, even if

---

[29] *Id.*

it does, the Policy does not cover Crescent's contractual liability to Carrizo. As to the first, Carrizo argues that it is a third-party beneficiary as to the Policy and therefore can bring such a claim. Because this Court ultimately holds that the Policy does not provide coverage for Crescent's contractual liability to Carrizo, however, it need not address whether Carrizo has standing to bring such a claim.

The Policy provision at issue states that:

In consideration of the premium charged for which this insurance is written, the coverage afforded under this Policy is extended to insure the liability of the Assured arising out of hold harmless and/or indemnity agreements contained in such contracts as have been or may be entered into by the Assured for the furnishing of vessel services.

However, the language of this or any other endorsement of this policy shall not be construed to extend the Underwriters' agreement to indemnify the Insured for any type of claim not otherwise covered by the Hull and Machinery policy to which this endorsement is attached nor for amounts beyond the Amount of Insurance for the appropriate vessel insured herein . . . .

Lloyd's contends, and this Court agrees, that this language limits the Policy's coverage of Crescent's contractual liability to claims that would otherwise be covered by the Policy—i.e. those arising out of vessel operations. The case law supports such a reading. Interpreting identical language, the Fifth Circuit in *Cater v. Placid Oil Co.* held that a contractual liability endorsement was limited by the "as owner" clause set out in the policy.[30] It

---

[30] *Cater v. Placid Oil Co.*, 986 F.2d 1418 (5th Cir. 1993).

stated that the policy's coverage was limited to liabilities incurred "as owner" of the vessel, and therefore, the platform owner was not afforded coverage under the contractual liability endorsement for liability it incurred from operation of its platform.[31]

As previously discussed, the coverage provided by the Policy at issue here is limited to those liabilities arising out of vessel operations. None of Carrizo's potential liability is vessel-related. Therefore, this limitation applies to prevent the contractual liability endorsement from providing Crescent with coverage for its obligation under the MSA to indemnify Carrizo. Accordingly, Carrizo's argument for coverage under the contractual liability endorsement fails.

## **CONCLUSION**

For the foregoing reasons, Lloyd's does not owe Carrizo coverage for its potential liability in this matter. Lloyd's Motion for Summary Judgment is GRANTED, and Starr's and Carrizo's Motions for Summary Judgment are DENIED. Carrizo's claims against Lloyd's are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 8th day of June, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[31] *Id.*